IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>CORAL GLASS AND ALUMINUM CO., an Illinois Corporation,<br><br>Defendant. | NO. 08c 0358<br><br>Judge Ronald Guzman<br>Magistrate Judge Mason |

## ANSWER

Defendant, CORAL GLASS AND ALUMINUM CO., by their attorneys, THOMAS W. DUDA and the LAW OFFICES OF THOMAS W. DUDA, does hereby answer the Complaint and in furtherance of this answer does state as follow:

### COUNT 1

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 195 (a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

**Answer:** Defendant admits that Plaintiff alleges jurisdiction for enforcement of a written labor contract and a welfare benefit program but the Defendant denies a breach of

1

either agreement and denies any unlawful conduct.

2.  Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the funds, as described in Paragraph 3, are administered.

**Answer:**  Defendant admits that venue is proper in this District.

3.  (a)  The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)  The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals ("the Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)  The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

**Answer:**  Defendant has insufficient information to admit or deny the allegations of this Paragraph of the complaint and therefore demands strict proof thereof.

4.  (a)  Defendant, CORAL GLASS AND ALUMINUM CO. ("Coral"), an

2

Illinois corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

**Answer:**   Admit.

5.   Since on or about May 1, 2003, CORAL has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

**Answer:**   Admit.

6.   By virtue of certain provisions contained in the collective bargaining agreements, CORAL is bound by the Trust Agreement establishing the Funds.

**Answer:**   Defendant admits that it signed Exhibit "A" and that Exhibit "A" contains the terms and conditions set forth therein; Defendant denies any further allegations in this paragraph.

7.   Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, CORAL is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

**Answer:**   Defendant admits that it signed Exhibit "A" and that Exhibit "A" contains the terms and conditions set forth therein; Defendant denies any further allegations in

this paragraph.

8. Since before May 1, 2003, CORAL has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

**Answer:** Defendant admits that at all times relevant to the Complaint it has filed all necessary reports, forms, documents of any kind as required with the Plaintiffs; Defendant denies all other allegations of this paragraph of the Complaint.

9. Plaintiffs are advised and believe that for May 1, 2003 through present, CORAL has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**Answer:** Defendant denies all allegations of the Complaint.

**WHEREFORE,** Defendant respectfully prays that the Complaint be dismissed with prejudice and that the Plaintiff be ordered to pay all costs relating to this cause to the Defendant.

Respectfully Submitted,

/s/ Thomas W. Duda
LAW OFFICES OF THOMAS W. DUDA
By:   Thomas W. Duda


Thomas W. Duda
LAW OFFICES OF THOMAS W. DUDA
3125 N. Wilke Rd., Suite A
Arlington Heights, Illinois   60004
(847) 577-2470
Atty. Reg. No. 00684554

**ATTORNEYS FOR THE DEFENDANT**