**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Trustees of the Glaziers, Architectural Metal and Glass Workers Local Union No. 27 Welfare and Pension Funds, | ) <br> ) Case Number: 08 C 358 <br> ) |
| Plaintiffs, | ) Judge Ronald A. Guzman <br> ) |
| v. | ) <br> ) |
| Coral Glass and Aluminum Co., an Illinois corporation | ) <br> ) |
| Defendants. | ) |

**MOTION FOR RULE 41(a)(2) DISMISSAL**

Plaintiffs, by and through their attorneys, SHANE LUEDKE and ARNOLD AND KADJAN, pursuant to the provisions for Rule 41(a)(2) of the Federal Rules of Civil Procedure, hereby motion for dismissal of this cause, as to Defendant Coral Glass and Aluminum Co.,. an Illinois Corporation, with prejudice and without costs under an agreed settlement and release, attached hereto as Exhibit 1.

Respectfully submitted,

ARNOLD AND KADJAN

By: s/ Shane Luedke
One of their Attorneys

Donald D. Schwartz
Shane Luedke
ARNOLD AND KADJAN
19 W. Jackson Blvd., Suite 300
Chicago, IL 60604
312-236-0415 (phone)
312-341-0438 (fax)

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into this ___ day of January, 2008, by and between the Trustees of the Glaziers, Architectural Metal and Glass Workers Union No. 27 Welfare and Pension Funds ("Funds") and Coral Glass and Aluminum Co. ("Coral").

WHEREAS, the Funds are employee benefit plans organized and existing in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 28 U.S.C. §1001 et seq., to provide pension benefits, health and welfare benefits and other benefits to employees under collective bargaining agreements ("CBA") entered into by the Glaziers Architectural Metal and Glass Workers Local Union No. 27 ("Union"); and

WHEREAS, the Funds audited Coral for the period from January 1, 2005 through December 31, 2007 ("Audit") to verify the accuracy and completeness of employee work history reported to the Funds by Coral for that period; and

WHEREAS, the Funds asserted that Coral owed a total of $99.54 to the Funds, representing amounts due to the various funds for liquidated damages or late fees; and

WHEREAS, the Funds filed a Complaint in the United States District Court for the Northern District of Illinois, Eastern Division, designated as Case No. 08 C 358 ("Lawsuit") against Coral alleging that Coral failed to contribute fully to the Funds as required during the audit and specifically asking for an audit and monies shown to be due and owing under the audit; and

WHEREAS, Coral filed an Answer denying any liability to the Funds; and

WHEREAS, the undersigned parties have agreed to settle the claims made in the Lawsuit in order to avoid the inconvenience and expense of further litigation;

NOW THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the undersigned parties hereby agree as follows:

1       Each of the foregoing recitals is hereby incorporated into and made a part of this Agreement as though fully set forth.

2       Coral shall pay to the Funds the total amount of Four Hundred Eighty-two Dollars and Four Cents ($482.04), which represents the past late charges due by Coral to the Funds and half of the audit costs, upon execution of this agreement and release.

3       Upon the execution of this Settlement Agreement and Release and payment of agreed upon amount from paragraph 2 above, the Funds shall dismiss the Lawsuit with prejudice.

4       In consideration of the payment and obligation set forth above, the Funds, for themselves and on behalf of their Trustees, respective agents, assigns, attorneys, employees, administrators, and legal representatives, hereby fully, finally and unconditionally release and forever discharge Coral, its officers, directors, shareholders, agents, attorneys, employees, representatives, successors and assigns, in both their personal and fiduciary capacities, from any and all actions, causes of action, suits, arbitrations, debts, dues, demands, sums of money, executions, liabilities, claims and demands, whether known or unknown, liquidated or un-liquidated, absolute or contingent, in law or in equity,

which was filed or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, including but not necessarily limited to claims based directly or indirectly upon any contractual obligation whatsoever to the Funds, relating to the obligation of Coral to pay contributions to the Funds for the time period covered by the Audit, or any of the Funds' attorneys' fees, audit fees and any costs incurred in connection therewith or with the Lawsuit for all periods through December 31, 2007.

5       Each party shall bear their own attorneys' fees and costs.

6       Notwithstanding any provision to the contrary, this Settlement Agreement and Release does not preclude any claims or actions by the Funds relating to any of Coral's un-audited periods after December 31, 2007.

7       Each of the undersigned has read this Settlement Agreement and Release, understands its contents, and is authorized to sign it on behalf of the entity named below.

8       Neither party admits any liability to the other party for any of the claims made in the Lawsuit; and Coral specifically denies owing any monies to the Funds but instead is paying the amounts in compromise of a disputed claim and in order to save costs.

Coral Glass and Aluminum Co.

By: _____

Its: SEC,

TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS UNION NO. 27 WELFARE AND PENSION FUNDS

By: _____

Its: attorney